IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | No. 3:14-MJ-610-BN |
| | ) | |
| GEORGE LEE PASS, JR. | ) | |

**DETENTION ORDER**

George Lee Pass, Jr. (Defendant) is charged by complaint with possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841. He was arrested in the Northern District of Texas and made his initial appearance on September 4, 2014. The Government moved to detain him and for a continuance of the detention hearing. The Court granted the motion and ordered Defendant detained temporarily.

On September 8, 2014, Defendant appeared in person and through counsel for a detention hearing. After considering the testimony, the Court finds probable cause to believe that Defendant committed the crime charged in the complaint. Defendant was located and arrested in a motel room in connection with a state investigation and arrest warrant. Located with him in the room was drug paraphernalia and items consistent with the distribution of narcotics as well as a syringe containing a clear liquid that tested positive for methamphetamine.

Because the Court finds probable cause to believe that Defendant committed a drug offense carrying a maximum prison sentence of 10 years or more, a rebuttable presumption arises under 18 U.S.C. § 3142(e) that there is no condition or combination of conditions of release which will reasonably assure Defendant's appearance as required and the safety of the community. The presumption shifts the burden of production, not the burden of persuasion. *See United States v. Hare,* 873 F.2d 796, 798-99 (5th Cir. 1989). The defendant must produce only

some evidence tending to rebut the presumption. *Id.* The statutory presumption of dangerousness, even when rebutted, does not disappear, and the Court may still consider Congress' finding that drug offenders pose a special risk of danger to society in determining whether the Government satisfied its burden of persuasion. *Id.*

After considering the presumption as well as the testimony of the Government's witness, the argument of counsel, the pretrial services report and the factors listed in 18 U.S.C. § 3142(g), this Court finds that the Government has met its burden to establish by clear and convincing evidence that there is no condition or combination of conditions of release that could be set which would reasonably assure the safety of the community. *See* 18 U.S.C. § 3142(f)(2) (burden of proof is clear and convincing evidence). The Government's witness testified that when Defendant was booked into the U.S. Marshal's cell block, surveillance video showed him slamming his head onto the desk. After he was taken to the hospital, he made threats against the law enforcement officers and medical personnel and had to be physically restrained by a number of people. He is a confirmed member of a violent gang and has previous convictions for assault, terroristic threats, and drug possession.

The Government has also met its burden to establish by a preponderance of the evidence that there is no condition or combination of conditions of release that could be set which would reasonably assure Defendant's appearance at future court hearings. *See United States v. Fortna*, 769 F.2d 243, 250 (5th Cir. 1985) (holding that applicable standard is simple preponderance). Defendant has been living in hotels and has no stable residence, verifiable address or stable employment. The Government's witness testified that when law enforcement agents first went to a hotel where he was staying to investigate the use of counterfeit currency to pay for his room,

he jumped out of the window from the room and fled.  The agents found counterfeit money, credit cards and temporary driver's license permits in the room.  Defendant was later arrested in another motel room after having someone retrieve his belongings from the first room and attempt to return them to him.  He has previous bond forfeitures and probation revocations.  Accordingly, the Government's motion for detention is **GRANTED.**

It is therefore ORDERED that Defendant be, and he is hereby, committed to the custody of the Attorney General and United States Marshal for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal, and that Defendant, while being so held, be afforded reasonable opportunity for private consultation with his counsel.

It is further ORDERED that, on an Order of a Court of the United States or at the request of the attorney for the Government, the person in charge of the corrections facility in which Defendant is confined shall deliver Defendant to a United States Marshal for the purpose of an appearance in connection with court proceedings in the Northern District of Texas.

Signed this 9th day of September, 2014.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE